UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, INC., a Delaware corporation; CAROLINE RECORDS, INC., a New York corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; LAFACE RECORDS LLC, a Delaware limited liability company; MOTOWN RECORD COMPANY, L.P., a California limited partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; and VIRGIN RECORDS AMERICA, INC., a California corporation, | Civil Action No.: _____ |

Plaintiffs,

v.

DOES 1 - 6,

Defendants.

### *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, the Declaration of Carlos Linares, and the authorities cited in the supporting Memorandum of Law, hereby apply *ex parte* for an Order permitting Plaintiffs to take immediate discovery.

In support thereof, Plaintiffs represent as follows:

1.      Plaintiffs, record companies who own the copyrights in the most popular sound recordings in the United States, seek leave of the Court to serve limited, immediate

discovery on a third party Internet Service Provider ("ISP") to determine the true identities of Doe Defendants, who are being sued for direct copyright infringement.

2.     As alleged in the complaint, the Doe Defendants, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works and/or distribute copyrighted works to the public.  Although Plaintiffs do not know the true names of the Doe Defendants, Plaintiffs have identified each Defendant by a unique Internet Protocol ("IP") address assigned to that Defendant on the date and time of that Defendant's infringing activity.

3.     Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking documents that identify each Defendant's true name, current (and permanent) addresses and telephone numbers, e-mail addresses, and Media Access Control ("MAC") addresses.  Without this information, Plaintiffs cannot identify the Doe Defendants or pursue their lawsuit to protect their copyrighted works from repeated infringement.

4.     Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule 26(f) conference where there are no known defendants with whom to confer.

WHEREFORE, Plaintiffs apply *ex parte* for an Order permitting Plaintiffs to conduct the foregoing requested discovery immediately.

Respectfully submitted,

Dated:     October 18, 2007

Matthew J. Oppenheim (D.C. Bar No. 443698)
Oppenheim Group
7304 River Falls Drive
Potomac, MD  20854
(301) 299-4986

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, INC., a Delaware corporation; CAROLINE RECORDS, INC., a New York corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; LAFACE RECORDS LLC, a Delaware limited liability company; MOTOWN RECORD COMPANY, L.P., a California limited partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; and VIRGIN RECORDS AMERICA, INC., a California corporation, | Civil Action No.: _____ |
| Plaintiffs, | |
| v. | |
| DOES 1 - 6, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY**

## I.    INTRODUCTION

Plaintiffs, record companies who own the copyrights in the most popular sound

recordings in the United States, seek leave of the Court to serve limited, immediate discovery on

a third party Internet Service Provider ("ISP") to determine the true identities of Doe Defendants,

who are being sued for direct copyright infringement.  Without such discovery, Plaintiffs cannot

identify the Doe Defendants, and thus cannot pursue their lawsuit to protect their copyrighted

works from repetitive, rampant infringement.[1]

As alleged in the complaint, the Doe Defendants, without authorization, used an

online media distribution system (*e.g.*, a peer-to-peer or "P2P" system) to download Plaintiffs'

copyrighted works and/or distribute copyrighted works to the public. See Declaration of Carlos

Linares ("Linares Decl."), ¶ 18 (attached hereto as Exhibit A). Although Plaintiffs do not know

the true names of the Doe Defendants,[2] Plaintiffs have identified each Defendant by a unique

Internet Protocol ("IP") address assigned to that Defendant on the date and at the time of that

Defendant's infringing activity. Id. Additionally, Plaintiffs have gathered evidence of the

infringing activities. Id. ¶¶ 14-15, 19. Plaintiffs have downloaded a sample of several of the

sound recordings each Defendant illegally distributed and have evidence of every file (at times

numbering in the thousands) that each Defendant illegally distributed to the public. Id.

Plaintiffs have identified the ISP that provided Internet access to each Defendant

by using a publicly available database to trace the IP address for each Defendant. Id. ¶¶ 12, 18.

Here, the ISP is Georgetown University ("Georgetown"). Id. When given a Defendant's IP

address and the date and time of infringement, an ISP quickly and easily can identify the name

and address of the Doe Defendant (*i.e.,* the ISP's subscriber) because that information is

---

[1] Because Plaintiffs do not currently know the identity of any of the Defendants,
Plaintiffs cannot ascertain any of the Defendants' positions on this *Ex Parte* Application.

[2] When using a P2P system (*e.g.*, Ares, eDonkey, Gnutella, BitTorrent, or
DirectConnect), Defendants typically use monikers, or user names, and not their true names.
Linares Decl., ¶ 10. Plaintiffs have no ability to determine a Defendant's true name other than
by seeking the information from the ISP. Id. ¶¶ 10, 16.

contained in the ISP's subscriber activity log files.  Id. ¶ 16.[3]  Plaintiffs' experience is that ISPs

typically keep log files of subscriber activities for only limited periods of time – which can range

from as short as a few days, to a few months – before erasing the data.  Id. ¶ 24.  Plaintiffs alert

the ISP to the existence of the copyright claims shortly after identifying the infringing activity

and ask the ISP to maintain the log files.

   Plaintiffs now seek leave of the Court to serve limited, immediate discovery on

Georgetown to identify each Defendant.  Plaintiffs intend to serve a Rule 45 subpoena on

Georgetown seeking documents, including electronically-stored information, sufficient to

identify each Defendant's true name, current (and permanent) addresses and telephone numbers,

e-mail addresses, and Media Access Control ("MAC") addresses.  For those IP addresses that

Georgetown cannot link to a specific Defendant, Plaintiffs will seek all documents and

electronically-stored information relating to the assignment of that IP address at the date and

time the IP address was used to infringe Plaintiffs' copyrighted sound recordings.  Once Plaintiffs

learn a Defendant's identifying information, Plaintiffs will attempt to contact that Defendant and

attempt to resolve the dispute.  If the dispute is not resolved and it is determined that it would be

more appropriate to litigate the copyright infringement claims in another jurisdiction, Plaintiffs

will dismiss that Defendant from the present lawsuit and re-file in the appropriate jurisdiction.

Without the ability to obtain the Doe Defendants' identifying information, however, Plaintiffs

may never be able to pursue their lawsuit to protect their copyrighted works from repeated

infringement.  Id. ¶ 24.  Moreover, the infringement may be ongoing such that immediate relief

---

[3] ISPs own or are assigned certain blocks or ranges of IP addresses.  A subscriber gains access to the Internet through an ISP after setting up an account with the ISP.  An ISP then assigns a particular IP address in its block or range to the subscriber when that subscriber goes "online."  After reviewing the subscriber activity logs (which contain the assigned IP addresses), an ISP can identify its subscribers by name.  See Linares Decl., ¶ 16.

is necessary.  Thus, the need for the limited, immediate discovery sought in this *Ex Parte*
Application is critical.

## II.    BACKGROUND

The Internet and P2P networks have spawned an illegal trade in copyrighted
works.  See MGM Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 923 (U.S. 2005).  By
downloading P2P software, and logging onto a P2P network, an individual can upload
(distribute) or download (copy), without authorization, countless copyrighted music and video
files to or from any other P2P network user worldwide.  See id. at 920 (detailing the process used
by infringers to download copyrighted works); A&M Records, Inc. v. Napster, Inc., 239 F.3d
1004, 1014 (9th Cir. 2001) (stating that infringers use P2P networks to copy and distribute
copyrighted works); Universal City Studios, Inc. v. Reimerdes, 111 F. Supp. 2d 294, 331
(S.D.N.Y.), aff'd sub nom., Universal City Studios, Inc. v. Corley, 273 F.3d 429 (2d Cir. 2001)
(describing a viral system, in which the number of infringing copies made available multiplies
rapidly as each user copying a file also becomes a distributor of that file).  Until enjoined,
Napster was the most notorious online media distribution system.  Grokster, 545 U.S. at 924.
Notwithstanding the Napster Court's decision, similar online media distribution systems
emerged that have attempted to capitalize on the growing illegal market that Napster fostered.
These include Ares, KaZaA, eDonkey, BitTorrent, DirectConnect, and Gnutella, among others.
Linares Decl., ¶ 6.  Despite the continued availability of such systems, there is no dispute that the
uploading and downloading of copyrighted works without authorization is copyright
infringement.  Napster, 239 F.3d at 1014-15; In re Aimster Copyright Litig., 334 F.3d 643 (7th
Cir. 2003), cert. denied, 124 S. Ct. 1069 (2004).  Nonetheless, at any given moment, millions of
people illegally use online media distribution systems to upload or download copyrighted

material.  Linares Decl., ¶ 6.  More than 2.6 *billion* infringing music files are downloaded

monthly.  L. Grossman, *It's All Free*, Time, May 5, 2003, at 60-69.

   The propagation of illegal digital copies over the Internet significantly harms

copyright owners, and has had a particularly devastating impact on the music industry.  Linares

Decl., ¶ 9.  The RIAA member companies lose significant revenues on an annual basis due to the

millions of unauthorized downloads and uploads of well-known recordings that are distributed

on P2P networks.  Id. ¶ 9.  Evidence shows that the main reason for the precipitous drop in

revenues is that individuals are downloading music illegally for free, rather than buying it.  See

In re Aimster Copyright Litig., 334 F.3d at 645.

## III. ARGUMENT

   Courts routinely allow discovery to identify "Doe" defendants.  See Wakefield v.

Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given

possibility that identity could be ascertained through discovery); Valentin v. Dinkins, 121 F.3d

72, 75-76 (2d Cir. 1997) (vacating dismissal; *pro se* plaintiff should have been permitted to

conduct discovery to reveal identity of the defendant); Dean v. Barber, 951 F.2d 1210, 1215

(11th Cir. 1992) (error to deny the plaintiff's motion to join John Doe defendant where identity

of John Doe could have been determined through discovery); Munz v. Parr, 758 F.2d 1254, 1257

(8th Cir. 1985) (error to dismiss claim merely because the defendant was unnamed; "Rather than

dismissing the claim, the court should have ordered disclosure of the Officer Doe's identity");

Maclin v. Paulson, 627 F.2d 83, 87 (7th Cir. 1980) (where "party is ignorant of defendants' true

identity . . . plaintiff should have been permitted to obtain their identity through limited

discovery").

Though this circuit has not addressed the issue directly, in similar copyright infringement cases brought by Plaintiffs, and/or other record companies, against Doe defendants for infringing copyrights over P2P networks, many courts, including this Court, have granted Plaintiffs' motions for leave to take expedited discovery.  See, e.g., Memorandum Opinion and Order, UMG Recordings, Inc. v. Does 1-199, No. 04-093 (CKK) (D.D.C. Mar. 10, 2004); Order, Arista Records LLC v. Does 1-23, No. 07-cv-00131-BO (E.D. N.C. May 1, 2007); Order, Sony BMG Music Ent't v. Does 1-12, No. 07-cv-0232 (S.D. W.Va. Apr. 27, 2007); Order, Capitol Records, Inc. v. Does 1-2, No. 05-cv-00470 (M.D. N.C. Jun. 7, 2005); Order, UMG Recordings, Inc. v. Does 1-3, No. 04-cv-157 (W.D. N.C. Oct. 8, 2004); Order, Virgin Records Am., Inc. v. John Doe, No. PJM 04-964 (D. Md. Apr. 19, 2004); Order, Atlantic Recording Corp. v. Does 1-13, No. 04-cv-316 (E.D. Va. Apr.  2, 2004); Order, London-Sire Records Inc. v. John Doe, No. 04-cv-00208 (W.D. Va. May 3, 2004) (true and correct copies of these Orders are attached hereto as  B).  This Court should not depart from its well-reasoned decisions, or the well-reasoned decisions of other courts that have addressed this issue directly.

Courts allow parties to conduct expedited discovery in advance of a Rule 26(f) conference where the party establishes "good cause" for such discovery.  See UMG Recordings, Inc., 2006 U.S. DIST. LEXIS 32821 (N.D. Cal. Mar. 6, 2000); Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003); Entertainment Tech. Corp. v. Walt Disney Imagineering, No. Civ. A. 03-3546, 2003 WL 22519440, at *4 (E.D. Pa. Oct. 2, 2003) (applying a reasonableness standard); Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002); Yokohama Tire Corp. v. Dealers Tire Supply, Inc., 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (applying a good cause standard).  Plaintiffs easily have met this standard.

First, good cause exists where, as here, the complaint alleges claims of infringement. See Qwest Comm., 213 F.R.D. at 419 ("The good cause standard may be satisfied . . . where the moving party has asserted claims of infringement and unfair competition."); Semitool, 208 F.R.D. at 276; Benham Jewelry Corp. v. Aron Basha Corp., No. 97 CIV 3841, 1997 WL 639037, at *20 (S.D.N.Y. Oct. 14, 1997). This is not surprising, since such claims necessarily involve irreparable harm to the plaintiff. 4 Melville B. Nimmer & David Nimmer, Nimmer On Copyright § 14.06[A], at 14-103 (2003); see also Taylor Corp. v. Four Seasons Greetings, LLC, 315 F.3d 1034, 1042 (8th Cir. 2003); Health Ins. Ass'n of Am. v. Novelli, 211 F. Supp. 2d 23, 28 (D.D.C. 2002) ("A copyright holder [is] presumed to suffer irreparable harm as a matter of law when his right to the exclusive use of copyrighted material is invaded.") (quotations and citations omitted); ABKCO Music, Inc. v. Stellar Records, Inc., 96 F.3d 60, 66 (2d Cir. 1996).

Second, good cause exists here because there is very real danger the ISP will not long preserve the information that Plaintiffs seek. As discussed above, ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing the data. Linares Decl., ¶ 24. If that information is erased, Plaintiffs will have **no** ability to identify Defendants, and thus will be unable to pursue their lawsuit to protect their copyrighted works. Id. Where "physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation," good cause for expedited discovery exists. See Qwest Comm., 213 F.R.D. at 419; Pod-Ners, LLC v. Northern Feed & Bean, 204 F.R.D. 675, 676 (D. Colo. 2002) (allowing the plaintiff expedited discovery to inspect "beans" in the defendant's possession because the beans might no longer be available for inspection if discovery proceeded in the normal course).

Third, good cause exists because the narrowly tailored discovery requests do not exceed the minimum information required to advance this lawsuit and will not prejudice Defendants.  See Semitool, 208 F.R.D. at 276 ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.").  Plaintiffs seek immediate discovery to identify Defendants; information that may be erased very soon.  Plaintiffs (who continue to be harmed by Defendants' copyright infringement, Linares Decl., ¶ 9), cannot wait until after the Rule 26(f) conference (ordinarily a prerequisite before propounding discovery) because there are no known defendants with whom to confer (and thus, no conference is possible).  There is no prejudice to Defendants because Plaintiffs merely seek information to identify Defendants and to serve them, and Plaintiffs agree to use the information disclosed pursuant to their subpoenas only for the purpose of protecting their rights under the copyright laws.

Fourth, courts regularly grant expedited discovery where such discovery will "substantially contribute to moving th[e] case forward."  Semitool, 208 F.R.D. at 277.  Here, the present lawsuit cannot proceed without the limited, immediate discovery Plaintiffs seek because there is no other information Plaintiffs can obtain about Defendants without discovery from the ISP.  As shown by the Declaration of Carlos Linares, Plaintiffs already have developed a substantial case on the merits against each infringer.  Plaintiffs' complaint alleges a *prima facie* claim for direct copyright infringement.  Plaintiffs have alleged that they own and have registered the copyrights in the works at issue, and that Defendants copied or distributed those copyrighted works without Plaintiffs' authorization.  See Complaint.  These allegations state a claim of copyright infringement.  Nimmer On Copyright § 31.01, at 31-3 to 31-7; Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991).  In addition, Plaintiffs have

copies of a sample of several of the sound recordings that each Defendant illegally distributed to the public and have evidence of every file that each Defendant illegally distributed to the public. See Complaint Ex. A; Linares Decl., ¶¶ 18-19.  These more complete lists often show thousands of files, many of them sound recordings (MP3 files) that are owned by, or exclusively licensed to, Plaintiffs.  See Linares Decl., ¶ 19.  Plaintiffs believe that virtually all of the sound recordings have been downloaded and/or distributed to the public without permission or consent of the respective copyright holders.  Id.  Absent limited, immediate discovery, Plaintiffs will be unable to obtain redress for any of this infringement.

Finally, Plaintiffs request that the Court make clear that Georgetown's response to the subpoena is consistent with its obligations under the Family Educational Rights and Privacy Act, 20 U.S.C. 1232g ( "FERPA").  Though FERPA generally prohibits disclosure of certain records by federally-funded educational institutions, it *expressly* provides that information can be disclosed pursuant to court order.  *See* 20 U.S.C. § 1232g(b)(2)(B).  While Plaintiffs do not believe FERPA prevents the disclosure of the information requested in the subpoena,[4] universities and colleges have expressed concern about their obligations under FERPA, and some have taken the position that a court order is required before they will disclose subscriber information.  Hence, Plaintiffs seek an appropriate order explicitly authorizing Georgetown to comply with the subpoena.

In general, where federal privacy statutes authorize disclosure pursuant to a court order, courts have held that a plaintiff must make no more than a showing of relevance under the traditional standards of Rule 26.  See Laxalt v. McClatchy, 809 F.2d 885, 888 (D.C. Cir 1987)

---

[4] Plaintiffs do not concede that FERPA prevents Georgetown University, from disclosing the type of information being requested by Plaintiffs, but believe that a properly framed court order will make resolution of that issue unnecessary.

(the court found "no basis for inferring that the statute replaces the usual discovery standards of the FRCP . . . with a different and higher standard"); accord Lynn v. Radford, No. 99-71007, 2001 WL 514360, at *3 (E.D. Mich. Mar. 16, 2001); Gary v. United States, No. 98-6964, 1998 WL 834853, at *4 (E.D. Tenn. Sept. 4, 1998); see also In re Gren, 633 F.2d 825, 828 n.3 (9th Cir. 1980) ("court order" provision of Fair Credit Reporting Act requires only "good faith showing that the consumer records sought are relevant") (internal quotation omitted).  Plaintiffs clearly have met that standard here, as the identity of Defendants is essential to Plaintiffs' continued prosecution of this action.

        If the Court grants this *Ex Parte* Application, Plaintiffs will serve a subpoena on Georgetown requesting documents that identify the true names and other information about Defendants within 15 business days.  Georgetown then will be able to notify its subscribers that this information is being sought, and each Defendant will be able to raise any objections before this Court in the form of a motion to quash prior to the return date of the subpoena.  Thus, to the extent that any Defendant wishes to object, he or she will be able to do so.

## IV.    CONCLUSION

        For the foregoing reasons, the Court should grant the *Ex Parte* Application and enter an Order substantially in the form of the attached Proposed Order.

                                    Respectfully submitted,

Dated:        October 18, 2007

                                    Matthew J. Oppenheim (D.C. Bar No. 443698)
                                    Oppenheim Group
                                    7304 River Falls Drive
                                    Potomac, MD  20854
                                    (301) 299-4986

                                    Attorney for Plaintiffs

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, INC., a Delaware corporation; CAROLINE RECORDS, INC., a New York corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; LAFACE RECORDS LLC, a Delaware limited liability company; MOTOWN RECORD COMPANY, L.P., a California limited partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; and VIRGIN RECORDS AMERICA, INC., a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> DOES 1 - 6, <br><br> Defendants. | Civil Action No.: _____ |

**DECLARATION OF CARLOS LINARES IN SUPPORT OF *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY**

I, Carlos Linares, have personal knowledge of the facts stated below and, under penalty of perjury, hereby declare:

1.      I am Vice President, Anti-Piracy Legal Affairs for the Recording Industry Association of America, Inc. ("RIAA"), where I have been employed for over six years.  My

office is located at 1025 F Street, N.W., 10th Floor, Washington, DC 20004. I submit this Declaration in support of Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery.

2.    As Vice President, Anti-Piracy Legal Affairs, I am responsible for evaluating and contributing to online strategies for the RIAA, including oversight of the investigations into online infringement of copyrighted sound recordings. As such, this Declaration is based on my personal knowledge, and if called upon to do so, I would be prepared to testify as to its truth and accuracy.

### The RIAA's Role in Protecting Its Member Recording Industry Companies From Copyright Infringement

3.    The RIAA is a not-for-profit trade association whose member record companies create, manufacture, and/or distribute approximately ninety percent of all legitimate sound recordings produced and sold in the United States. The RIAA's member record companies comprise the most vibrant national music industry in the world. A critical part of the RIAA's mission is to assist its member companies in protecting their intellectual property in the United States and in fighting against online and other forms of piracy. All of the Plaintiffs in this action are members of the RIAA.

4.    As part of that process, the RIAA, on behalf of its members, retains a variety of services from outside vendors to assist with its investigation of the unauthorized reproduction and distribution of copyrighted sound recordings online.

### The Internet and Music Piracy

5.    The Internet is a vast collection of interconnected computers and computer networks that communicate with each other. It allows hundreds of millions of people around the world to communicate freely and easily and to exchange ideas and information, including

academic research, literary works, financial data, music, movies, graphics, and an unending and

ever-changing array of other data. Unfortunately, the Internet also has afforded opportunities for

the wide-scale piracy of copyrighted sound recordings and musical compositions. Once a sound

recording has been transformed into an unsecured digital format, it can be copied further and

distributed an unlimited number of times over the Internet, without significant degradation in

sound quality.

    6.  Much of the unlawful distribution of copyrighted sound recordings over

the Internet occurs via "peer-to-peer" ("P2P") file copying networks or so-called online media

distribution systems. The most notorious example of such a system was Napster, which was

enjoined by a federal court. Notwithstanding the court's decision enjoining Napster, similar

online media distribution systems emerged and attempted to capitalize on the growing illegal

market that Napster fostered. These include KaZaA, eDonkey, iMesh, Ares, BitTorrent,

DirectConnect, and Gnutella, among others. To this day, some P2P networks continue to operate

and to facilitate widespread copyright piracy. At any given moment, millions of people illegally

use online media distribution systems to upload or download copyrighted material.

    7.  P2P networks, at least in their most popular form, refer to computer

systems or processes that enable Internet users to: (1) make files (including audio recordings)

stored on a computer available for copying by other users; (2) search for files stored on other

users' computers; and (3) transfer exact copies of files from one computer to another via the

Internet. P2P networks enable users who otherwise would have no connection with, or

knowledge of, each other to offer to each other for distribution and copying files off of their

personal computers, to provide a sophisticated search mechanism by which users can locate these

files for downloading, and to provide a means of effecting downloads.

8.    The major record companies generally have not authorized their copyrighted sound recordings to be copied or distributed in unsecured formats by means of P2P networks. Thus, the vast majority of the content that is copied and distributed on P2P networks is unauthorized by the copyright owner – that is, the distribution violates the copyright laws.

9.    The scope of online piracy of copyrighted works cannot be underestimated. The RIAA member companies lose significant revenues on an annual basis due to the millions of unauthorized downloads and uploads of well-known recordings that are distributed on P2P networks by infringers who, in virtually all cases, have the ability to maintain their anonymity to all but the Internet Service Provider ("ISP") they use to supply them with access to the Internet.

10.    The persons who commit infringements by using the P2P networks are, by and large, anonymous to Plaintiffs. A person who logs on to a P2P network is free to use any alias (or computer name) whatsoever, without revealing his or her true identity to other users. Thus, Plaintiffs can observe the infringement occurring on the Internet, but do not know the true names or mailing addresses of those individuals who are committing the infringement.

## The RIAA's Identification of Copyright Infringers

11.    In order to assist its members in combating copyright piracy, the RIAA retained a third-party investigator, MediaSentry, Inc. ("MediaSentry"), to conduct searches of the Internet, as well as file-copying services, for infringing copies of sound recordings whose copyrights are owned by RIAA members. A search can be as simple as logging onto a P2P network and examining what files are being offered by others logged onto the network. In gathering evidence of copyright infringement, MediaSentry uses the same functionalities that are built into P2P programs that any user of the software can use on the network.

12.    Users of P2P networks who distribute files over a network can be identified by using Internet Protocol ("IP") addresses because the unique IP address of the computer offering the files for distribution can be captured by another user during a search or a file transfer. Users of P2P networks can be identified by their IP addresses because each computer or network device (such as a router) that connects to a P2P network must have a unique IP address within the Internet to deliver files from one computer or network device to another. Two computers cannot effectively function if they are connected to the Internet with the same IP address at the same time. This is analogous to the telephone system where each location has a unique number. For example, in a particular home, there may be three or four different telephones, but only one call can be placed at a time to or from that home. Each computer or network device is connected to a network that is administered by an organization like a business, ISP, college, or university. Each network, in turn, is analogous to an area code. The network provider maintains a log of IP address allocations. An IP address can be associated with an organization such as an ISP, business, college, or university, and that organization can identify the P2P network user associated with the specified IP address.

13.    MediaSentry finds individuals using P2P networks to share music files over the Internet. Just as any other user on the same P2P networks as these individuals would be able to do, MediaSentry is able to detect the infringement of copyrighted works and identify the users' IP addresses because the P2P software being used by those individuals has file-sharing features enabled.

14.    For each suspected infringer, MediaSentry downloads a number of the music files that the individual is offering to other users on the P2P network. Those music files for each such individual are listed in Exhibit A to the Complaint. MediaSentry assigns an

identification number to each individual for which it detects copyright infringement and gathers

additional evidence for each individual, such as metadata accompanying each file being

disseminated that demonstrates that the user is engaged in copyright infringement. That

evidence includes download data files that show for each music file the source IP address, user

logs that include a complete listing of all files in the individual's share folder at the time, and

additional data that track the movement of the files through the Internet.

15.    After MediaSentry collects the evidence of infringement, the RIAA

engages in a painstaking process to verify whether each individual was infringing. That process

relies on human review of evidence supporting the allegation of infringement. For each

suspected infringer, the RIAA reviews a listing of the music files that the user has offered for

download by others from his or her computer in order to determine whether they appear to be

copyrighted sound recordings. The RIAA also listens to the downloaded music files from these

users in order to confirm that they are, indeed, illegal copies of sound recordings whose

copyrights are owned by RIAA members. Exhibit A to the Complaint lists the details of these

downloaded music files. In my role as Vice President, Anti-Piracy, I provide oversight over the

review of the lists contained in Exhibit A to the Complaint and hereby attest to the veracity of

those lists. The RIAA also reviews the other evidence collected by MediaSentry.

### The Subpoena Process to Identify Copyright Infringers

16.    The RIAA frequently has used the subpoena processes of Federal Rule of

Civil Procedure 45 and the Digital Millennium Copyright Act ("DMCA") to obtain the names of

infringers from ISPs. The RIAA typically has included in their subpoenas to ISPs an IP address

and a date and time on which the RIAA, through its agent, MediaSentry, observed use of the IP

address in connection with allegedly infringing activity. In some instances, providing the IP

address alone to the ISP has been enough to enable the ISP to identify the infringer. Providing

the date and time further assists some ISPs in identifying infringers, especially ISPs that use

"dynamic IP addressing" such that a single computer may be assigned different IP addresses at

different times, including, for example, each time it logs into the Internet.[1]  Once provided with

the IP address, plus the date and time of the infringing activity, the infringer's ISP quickly and

easily can identify the computer from which the infringement occurred (and the name and

address of the subscriber that controls that computer), sometimes within a matter of minutes.

17.    Since 1998, the RIAA and others have used subpoenas thousands of times

to learn the names, addresses, telephone numbers, and e-mail addresses of infringers for the

purpose of bringing legal actions against those infringers.  During a recent litigation with

Verizon (an ISP) relating to the DMCA subpoena process, Verizon conceded that, as an

alternative to the DMCA process, Plaintiffs could file "Doe" lawsuits and issue Rule 45

subpoenas to ISPs to obtain the true identities of infringing subscribers.

### The RIAA's Identification of the Infringers in This Case

18.    In the ordinary course of investigating online copyright infringement, the

RIAA became aware that Defendants were offering files for download on various P2P networks.

The user-defined author and title of the files offered for download by each Defendant suggested

that many were copyrighted sound recordings being disseminated without the authorization of

the copyright owners.  The RIAA downloaded and listened to a representative sample of the

music files being offered for download by each Defendant and was able to confirm that the files

each Defendant was offering for distribution were illegal copies of sound recordings whose

copyrights are owned by RIAA members.  The RIAA also recorded the time and date at which

the infringing activity was observed and the IP address assigned to each Defendant at the time.

---

[1] ISPs own or are assigned certain blocks or ranges of IP addresses.  An ISP assigns a
particular IP address in its block or range to a subscriber when that subscriber goes "online."

See Complaint Exhibit A. The RIAA could not, however, determine the physical location of the users or their identities. The RIAA could determine that Defendants were all using Georgetown University internet service to distribute and make available for distribution the copyrighted files.

19. The RIAA also has collected for each Defendant a list of the files each Defendant has made available for distribution to the public. These lists often show thousands of files, many of which are sound recording (MP3) files that are owned by, or exclusively licensed to, Plaintiffs. Because of the voluminous nature of the lists, and in an effort not to overburden the Court with paper, I have not attached to this Declaration those lists. Such lists will be made available to the Court upon request. Exhibit A to the Complaint includes the username of the infringer if that was available, the identification number assigned by MediaSentry for that Defendant, and the number of audio files that were being shared by Defendant at the time that the RIAA's agent, MediaSentry, observed the infringing activity.

### The Importance of Expedited Discovery in This Case

20. Obtaining the identity of copyright infringers on an expedited basis is critical to stopping the piracy of the RIAA members' copyrighted works.

21. First, every day that copyrighted material is disseminated without the authorization of the copyright owner, the copyright owner is economically harmed. Prompt identification of infringers is necessary in order for copyright owners to take quick action to stop unlawful dissemination of their works and minimize their economic losses.

22. Second, infringement often occurs with respect to sound recordings that have not yet been distributed publicly. Such infringement inflicts great harm on the initial market for new works. New recordings generally earn a significant portion of their revenue when they are first released, and copyright piracy during a recording's pre-release or early

release period therefore deprives copyright owners of an important opportunity to reap the benefits of their labor.

23.     Third, without expedited discovery, Plaintiffs have no way of serving Defendants with the complaint and summons in this case.  Plaintiffs do not have Defendants' names or addresses, nor do they have an e-mail address for Defendants.

24.     Fourth, and perhaps most critically, ISPs have different policies pertaining to the length of time they preserve "logs" which identify their users.  ISPs keep log files of their user activities for only limited periods of time – which can range from as short as a few days, to a few months – before erasing the data they contain.  If an ISP does not respond expeditiously to a discovery request, the identification information in the ISP's logs may be erased, making it impossible for the ISP to determine the identity of the infringer and eliminating the copyright owner's ability to take action to stop the infringement.

*[Remainder of page intentionally left blank.]*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _October 9_, 2007 in Washington, D.C.

_____
Carlos Linares

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UMG RECORDINGS, *et al.*,

    Plaintiffs,

      v.

JOHN DOES 1-199,

    Defendants.

Civil Action No. 04-093 (CKK)

**ORDER**
(March 10, 2004)

In keeping with the accompanying Memorandum Opinion, it is this 10th day of March, 2004, hereby

ORDERED that Plaintiffs' Motion for Leave to Take Immediate Discovery [5] is GRANTED. Plaintiffs will be allowed to serve immediate discovery on Verizon to obtain the identity of each John Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, address, telephone number, email address, and Media Access Control address. Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights as set forth in the Complaint. If and when Verizon is served with a subpoena, Verizon shall give written notice, which can include use of email, to the subscribers in question within five business days. If Verizon and/or any Defendant want to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 25 days from the date of service. Verizon shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. It is further

ORDERED that Plaintiffs shall provide Verizon a copy of this Memorandum Opinion and Order along with its subpoena; it is further

ORDERED that the Motion of Public Citizen, the American Civil Liberties Union, the Electronic Frontier Foundation and the ACLU of the National Capitol Area to file as *amici curiae* [6] is GRANTED.

March 10, 2004                                       _____/s/_____
                                                    COLLEEN KOLLAR-KOTELLY
                                                    United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **VIRGIN RECORDS AMERICA, INC.,** | * | |
| et al. | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Civil No. **PJM 04-964** |
| | * | |
| **JOHN DOE,** | * | |
| | * | |
| Defendant | * | |
| | * | |
| | * | |

## ORDER

Upon Consideration of Plaintiffs' Motion for Leave to Take Immediate Discovery [Paper No. 4],

it is this 19th day of April, 2004,

ORDERED:

1)     Plaintiffs' Motion for Leave to Take Immediate Discovery [Paper No. 4] is GRANTED;

2)     Plaintiffs will be allowed to serve immediate discovery on the University of Maryland to

obtain the identity of the John Doe Defendant by serving a Rule 45 subpoena that seeks

information sufficient to identify said Defendant, including the name, address, telephone

number, e-mail address, and Media Access Control address of Defendant;

3)     If and when the University of Maryland is served with a subpoena, it shall give written

notice, which can include use of e-mail, to the subscriber in question within five business

days.  If the University of Maryland and/or Defendant wishes to move to quash the

1

subpoena, the party must do so before the return date of the subpoena, which shall be 25 days from the date of service;

4)    If and when the University of Maryland is served with a subpoena, it shall preserve the subpoenaed information pending resolution of any timely filed motions to quash;

5)    Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act as set forth in the Complaint; and

6)    Plaintiffs shall provide a copy of their Motion for Leave to Take Immediate Discovery and of this Order to the University of Maryland along with the subpoena.


_____ */s/* _____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED

APR - 2

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

ATLANTIC RECORDING                    )    Case No. 1:04CV316
CORPORATION, a Delaware corporation;  )
PRIORITY RECORDS LLC, a California    )
limited liability company; WARNER BROS. )
RECORDS INC., a Delaware corporation; )
VIRGIN RECORDS AMERICA, INC., a       )
California corporation; ARISTA RECORDS, )
INC., a Delaware corporation; BMG      )
MUSIC, a New York general partnership; )
CAPITOL RECORDS, INC., a Delaware      )
corporation; FONOVISA, INC., a California )
corporation; INTERSCOPE RECORDS, a     )
California general partnership; ELEKTRA  )
ENTERTAINMENT GROUP INC., a           )
Delaware corporation; MOTOWN RECORD   )
COMPANY, L.P., a California limited     )
partnership; MAVERICK RECORDING        )
COMPANY, a California joint venture;    )
UMG RECORDINGS, INC., a Delaware       )
corporation; and SONY MUSIC           )
ENTERTAINMENT INC., a Delaware         )
corporation,                          )
                                      )
                Plaintiffs,           )
                                      )
v.                                    )
                                      )
Does 1 - 13,                          )
                                      )
                Defendants.           )

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE**

**DISCOVERY**

Upon the Motion of Plaintiffs for Leave to Take Immediate Discovery and the

supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit

thereto, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on America Online, Inc. to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: April 2 2007

_____
United States Magistrate Judge

2

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 0 3 2004

JOHN F. CORCORAN, CLERK
BY: _____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LONDON-SIRE RECORDS INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No.: 7:04CV00208 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | By: Hon. Glen E. Conrad |
| JOHN DOE, | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

This case is before the court on Plaintiffs' Motion for Leave to Take Immediate

Discovery. Upon consideration of Plaintiffs' Motion and supporting Memorandum of Law, as

well as the declaration of Jonathan Whitehead, it is hereby

ORDERED

that Plaintiffs may initiate immediate discovery prior to the conduct of a Rule 26(f) conference.

The Clerk is directed to send a certified copy of this Order to counsel for all parties.

ENTER: This _____3rd_____ day of May, 2004.

_____
United States District Judge

AO 121 (6/90)

| TO: | REPORT ON THE |
|---|---|
| **Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | **FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☒ ACTION        ☐ APPEAL | COURT NAME AND LOCATION<br>**United States District Court**<br>**District of Columbia**<br>**333 Constitution Avenue, N.W.**<br>**Washington, DC 20001** |
|---|---|
| DOCKET NO.         DATE FILED | |

| PLAINTIFF<br>**WARNER BROS. RECORDS INC.; ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; BMG MUSIC; CAPITOL RECORDS, INC.; CAROLINE RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; and VIRGIN RECORDS AMERICA, INC.** | DEFENDANT<br>**DOES 1 - 6** |
|---|---|

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 | <u>See</u> Exhibit A, attached. | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | Amendment | Answer | Cross Bill | Other Pleading |

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order or judgment together with the written opinion, if any, of the court is attached:

| COPY ATTACHED<br>Order        Judgment | WRITTEN OPINION ATTACHED<br>Yes        No | DATE RENDERED |
|---|---|---|
| CLERK | (BY) DEPUTY CLERK | DATE |

*U.S.G.P.O. 1982-374-279

Copy 1 – Upon initiation of action, mail this copy to Register of Copyrights.

AO 121 (6/90)

| TO: | | REPORT ON THE |
| --- | --- | --- |
| | **Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | **FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☒ ACTION ☐ APPEAL | | COURT NAME AND LOCATION<br>**United States District Court**<br>**District of Columbia**<br>**333 Constitution Avenue, N.W.**<br>**Washington, DC 20001** | |
| --- | --- | --- | --- |
| DOCKET NO. | DATE FILED | | |
| PLAINTIFF<br>**WARNER BROS. RECORDS INC.; ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; BMG MUSIC; CAPITOL RECORDS, INC.; CAROLINE RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; and VIRGIN RECORDS AMERICA, INC.** | | DEFENDANT<br>**DOES 1 - 6** | |
| **COPYRIGHT REGISTRATION NO.** | **TITLE OF WORK** | | **AUTHOR OF WORK** |
| 1 | <u>See</u> Exhibit A, attached. | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
| --- | --- | --- | --- |
| | Amendment        Answer        Cross Bill        Other Pleading | | |
| **COPYRIGHT REGISTRATION NO.** | **TITLE OF WORK** | | **AUTHOR OF WORK** |
| 1 | | | |
| 2 | | | |
| 3 | | | |

In the above-entitled case, a final decision was rendered on the date entered below.  A copy of the order or judgment together with the written opinion, if any, of the court is attached:

| COPY ATTACHED<br>Order        Judgment | WRITTEN OPINION ATTACHED<br>Yes        No | DATE RENDERED |
| --- | --- | --- |
| CLERK | (BY) DEPUTY CLERK | DATE |

*U.S.G.P.O. 1982-374-279

Copy 2 – Upon filing of document adding copyright(s), mail this copy to Register of Copyrights.

AO 121 (6/90)

| TO: | |
|---|---|
| **Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☒ ACTION ☐ APPEAL | COURT NAME AND LOCATION<br>**United States District Court**<br>**District of Columbia**<br>**333 Constitution Avenue, N.W.**<br>**Washington, DC 20001** |
|---|---|
| DOCKET NO.        DATE FILED | |

| PLAINTIFF<br>**WARNER BROS. RECORDS INC.; ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; BMG MUSIC; CAPITOL RECORDS, INC.; CAROLINE RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; and VIRGIN RECORDS AMERICA, INC.** | DEFENDANT<br>**DOES 1 - 6** |
|---|---|

| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 | <u>See</u> Exhibit A, attached. | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY | |
|---|---|---|
| | Amendment      Answer      Cross Bill      Other Pleading | |
| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order or judgment together with the written opinion, if any, of the court is attached:

| COPY ATTACHED<br>Order     Judgment | WRITTEN OPINION ATTACHED<br>Yes      No | DATE RENDERED |
|---|---|---|
| CLERK | (BY) DEPUTY CLERK | DATE |

*U.S.G.P.O. 1982-374-279

Copy 3 – Upon termination of action, mail this copy to Register of Copyrights.

AO 121 (6/90)

| TO: | | REPORT ON THE |
|---|---|---|
| | **Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | **FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☒ ACTION     ☐ APPEAL | COURT NAME AND LOCATION<br>**United States District Court**<br>**District of Columbia**<br>**333 Constitution Avenue, N.W.**<br>**Washington, DC 20001** |
|---|---|
| DOCKET NO.                DATE FILED | |

| PLAINTIFF<br>**WARNER BROS. RECORDS INC.; ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; BMG MUSIC; CAPITOL RECORDS, INC.; CAROLINE RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; and VIRGIN RECORDS AMERICA, INC.** | DEFENDANT<br>**DOES 1 - 6** |
|---|---|

| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 | <u>See</u> Exhibit A, attached. | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | Amendment          Answer          Cross Bill          Other Pleading | | |
| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | | AUTHOR OF WORK |
| 1 | | | |
| 2 | | | |
| 3 | | | |

In the above-entitled case, a final decision was rendered on the date entered below.  A copy of the order or judgment together with the written opinion, if any, of the court is attached:

| COPY ATTACHED<br>Order          Judgment | WRITTEN OPINION ATTACHED<br>Yes          No | DATE RENDERED |
|---|---|---|
| CLERK | (BY) DEPUTY CLERK | DATE |

*U.S.G.P.O. 1982-374-279

Copy 4 – In the event of an appeal, forward this copy to the Appellate Court so they can prepare a new A0 279 for the appeal.

AO 121 (6/90)

| TO: | | |
|---|---|---|
| **Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☒ ACTION      ☐ APPEAL | | COURT NAME AND LOCATION<br>**United States District Court**<br>**District of Columbia**<br>**333 Constitution Avenue, N.W.**<br>**Washington, DC 20001** | |
|---|---|---|---|
| DOCKET NO. | DATE FILED | | |
| PLAINTIFF<br>**WARNER BROS. RECORDS INC.; ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; BMG MUSIC; CAPITOL RECORDS, INC.; CAROLINE RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; and VIRGIN RECORDS AMERICA, INC.** | | DEFENDANT<br>**DOES 1 - 6** | |
| **COPYRIGHT REGISTRATION NO.** | **TITLE OF WORK** | | **AUTHOR OF WORK** |
| 1 | <u>See</u> Exhibit A, attached. | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | Amendment          Answer          Cross Bill          Other Pleading | | |
| **COPYRIGHT REGISTRATION NO.** | **TITLE OF WORK** | | **AUTHOR OF WORK** |
| 1 | | | |
| 2 | | | |
| 3 | | | |

In the above-entitled case, a final decision was rendered on the date entered below.  A copy of the order or judgment together with the written opinion, if any, of the court is attached:

| COPY ATTACHED<br>Order          Judgment | WRITTEN OPINION ATTACHED<br>Yes          No | DATE RENDERED |
|---|---|---|
| CLERK | (BY) DEPUTY CLERK | DATE |

*U.S.G.P.O. 1982-374-279

Copy 5 – Case file copy.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, INC., a Delaware corporation; CAROLINE RECORDS, INC., a New York corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; LAFACE RECORDS LLC, a Delaware limited liability company; MOTOWN RECORD COMPANY, L.P., a California limited partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; and VIRGIN RECORDS AMERICA, INC., a California corporation,<br><br>                           Plaintiffs,<br><br>          v.<br><br>DOES 1 - 6,<br><br>                           Defendants. | Civil Action No.: _____ |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon the Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery, the Declaration of Carlos Linares, and the accompanying Memorandum of Law, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Georgetown University to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks documents that identify each Doe Defendant, including the name, current (and permanent)

addresses and telephone numbers, e-mail addresses, and Media Access Control addresses for

each Defendant.  The subpoena may also seek all documents and electronically-stored

information relating to the assignment of any IP address which Georgetown cannot link to a

specific Doe Defendant.  The disclosure of this information is ordered pursuant to 20 U.S.C.

§ 1232g(b)(2)(B).

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in

response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting

Plaintiffs' rights under the Copyright Act.

DATED:  _____        By:  _____
                                                                   United States District Judge